**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Kimberly Spears, John York, Mary York, Floyd Green, Eric Ivory, and Bianca Ivory, Defendants,

Of whom Kimberly Spears is the Appellant,

and Mary York, John York, and Bianca Ivory are Respondents.

In the interest of minors under the age of eighteen.

Appellate Case No. 2018-002269

———————

Appeal From Marlboro County
Cely Anne Brigman, Family Court Judge

———————

Unpublished Opinion No. 2020-UP-015
Submitted January 3, 2020 – Filed January 13, 2020

———————

**AFFIRMED**

———————

Melvin Wayne Cockrell III, and Sarah Crawford Campbell, both of Cockrell & Campbell, P.C., of Chesterfield, for Appellant.

Delton W. Powers, Jr., of Powers Law Firm, PC, of Bennettsville, for Respondent South Carolina Department of Social Services.

Elizabeth Rogers Munnerlyn, of Elizabeth R. Munnerlyn, PA, for the Guardian ad Litem.

---

**PER CURIAM:** Kimberly Spears (Mother) appeals an order for judicial review from the family court concerning her minor children. On appeal, she argues the family court erred by denying her access to State provided services through a placement plan. We affirm.

Mother's issue—whether the family court erred by denying her access to State services via a placement plan—was ruled on by the family court in the merits hearing order filed on June 1, 2018. Because a merits order is a final order, Mother was required to serve and file a notice of appeal from that order within thirty days of receipt of the order. *See Hooper v. Rockwell*, 334 S.C. 281, 291, 513 S.E.2d 358, 364 (1999) ("[A]ny order issued as a result of a merit hearing, as well as any later order issued with regard to a treatment, placement, or permanent plan, is a final order that a party must timely appeal."); Rule 203, SCACR ("A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment."). Here, Mother served and filed a notice of appeal of the judicial review order, which was issued by the family court on November 16, 2018. However, the direct challenges in Mother's brief relate only to issues in the merits order. That order was issued, as noted above, five months earlier. We affirm because an appeal of the merits order was not timely noticed. *See Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 653-654 (2006) ("[An] unappealed ruling is the law of the case and requires affirmance.").

**AFFIRMED.**[1]

**THOMAS, GEATHERS, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.